UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION AT KANSAS CITY

| | |
|---|---|
| TOKIO MARINE AMERICAN INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No: 4:18-cv-00931 |
| v. | ) ) |
| PROFESSIONAL SERVICE INDUSTRIES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT SCHEFERS ROOFING CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Schefers Roofing Co. (hereinafter "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, moves this Court to grant it summary judgment as to all Plaintiffs' claims against it. In support of its motion, Defendant states as follows:

### DEFENDANT'S STATEMENTS OF UNCONTROVERTED MATERIAL FACTS

1. Plaintiffs Tokio Marine American Insurance Company and Mitsui Sumitomo Insurance Company of America are insurance companies that provided coverage to Toyota Motor Sales, U.S.A., Inc. (hereinafter "Toyota"), and Plaintiff Liberty Mutual Fire Insurance Company is the insurance company that provided coverage to Haldex Brake Products Corporation (hereinafter "Haldex").

(*See* **Exhibit A – Tokio Marine Policy; Exhibit B – Mitsui Policy; Exhibit C – Liberty Mutual Policy**).

**RESPONSE:**

2. At the time of the loss, Toyota was a tenant at 10711 Airworld Drive, Kansas City, Missouri, which is a portion of the greater industrial development known as "10707-10715 Airworld Drive" (the "Loss Site") pursuant to a lease agreement.

(*See* **Exhibit D - Toyota Lease**).

**RESPONSE:**

3. At the time of the loss, Haldex was a tenant at the Loss Site pursuant to a lease agreement.

(*See* **Exhibit E - Haldex Lease0031**).

**RESPONSE:**

4. Colfin Cobalt I-II Owner, LLC is the successor-in-interest to Cobalt Industrial REIT.

(*See* **Exhibit E, Haldex Lease0031**).

**RESPONSE:**

5. The Toyota Lease and the Haldex Lease contain identical sections entitled "Parties Bound":

> Except as otherwise expressly provided for in this Lease, this Lease shall be binding upon, and inure to the benefit of, the successors and assignees of the parties hereto […]

(*See* **Exhibit D, Toyota Lease - ¶ 26.4; Exhibit E, Haldex Lease - ¶ 26.4**).

**RESPONSE:**

6. Colfin Cobalt I-II Owner, LLC was the property owner, landlord, and party to Toyota's lease agreement as the successor-in-interest to Cobalt Industrial REIT on or before March 21, 2016.

(*See* **Exhibit D, Toyota Lease - ¶ 26.4; Exhibit E, Haldex Lease0031**).

**RESPONSE:**

7.     Colfin Cobalt I-II Owner, LLC was the property owner, landlord, and party to Haldex's lease agreement as the successor-in-interest to Cobalt Industrial REIT on or before March 21, 2016.

(*See* **Exhibit E - ¶ 26.4; Haldex Lease0031**).

**RESPONSE:**

8.     On September 16, 2016, Schefers Roofing Co. entered into a Service Agreement with Colfin Cobalt I-II Owner, LLC that was executed by CBRE on behalf of Colfin Cobalt I-II Owner, LLC.

(*See* **Exhibit F, Service Agreement - SRC 0046, 0052, 0053**).

**RESPONSE:**

9.     When Defendant entered into the Service Agreement with the landlord, Defendant became the landlord's contractor.

(*See* **Exhibit F, Service Agreement - Article 5 – SRC 0048**).

**RESPONSE:**

10.     The Toyota Lease and the Haldex Lease contain identical anti-subrogation provisions entitled "Waiver of Subrogation" whereby Plaintiffs' insureds waived certain rights of recovery to the extent damages were covered by insurance:

> Landlord and Tenant each waive and shall cause their respective insurance carriers to waive any and all rights to recover against the other or against the Agents of such other party for any loss or damage to such waiving party (including deductible amounts) arising from any cause covered by any property insurance required to be carried by such party pursuant to this Article XI or any other property insurance actually carried by such party to the extent of the limits of such policy. Tenant, from time to time, will cause its respective insurers to issue appropriate waiver of subrogation rights endorsements to all property insurance policies carried in connection with the Property or the Premises or the contents of the Property or the Premises. Tenant agrees to cause all other

occupants of the Premises claiming by, under or through Tenant, to execute and deliver to Landlord and Landlord's management company such a waiver of claims and to obtain such waiver of subrogation rights endorsements.

(*See* **Exhibit D - ¶ 11.5.; Exhibit E - ¶ 11.5.**).

**RESPONSE:**

11. The Toyota lease and the Haldex lease contain identical provisions defining the term "Agents" to include contractors as follows:

> 1.20 <u>Agents.</u> Officers, partners, directors, employees, agents, licensees, ***contractors***, customers and invitees; to the extent customers and invitees are under the principal's control or direction.

(*See* **Exhibit D - ¶ 1.20; Exhibit E - ¶ 1.20**) (emphasis added).

**RESPONSE:**

12. Defendant, as a contractor, is an Agent of the Landlord.

(*See* **Exhibit D - ¶ 1.20; Exhibit E - ¶ 1.20;** ECF Doc. 56-1, pg. 11).

**RESPONSE:**

13. Plaintiffs conceded that Defendants can take advantage of the anti-subrogation provision if they are Agents of the Landlord.

(*See* **Exhibit D - ¶ 1.20; Exhibit E - ¶ 1.20;** ECF Doc. 56-1, pg. 11).

**RESPONSE:**

14. Plaintiffs filed this lawsuit against Schefers Roofing Co., Professional Service Industries, Inc., and Hunt Plumbing Company seeking to recover damages that are alleged to have been caused by alleged acts or omissions of the defendants.

(*See* ECF Doc. 1 – Complaint).

**RESPONSE:**

15. Schefers Roofing Co. filed its Amended Answer and Affirmative Defenses on January 22, 2019 in which it asserted the affirmative defense that: "Plaintiffs' claims are subject to anti-subrogation provisions and are thereby barred."

(*See* ECF Doc. 22 – Affirmative Defenses - ¶ 12).

**RESPONSE:**

16. Plaintiffs Tokio Marine and Mitsui Sumitomo have identical anti-subrogation provisions in their insurance policies with Toyota that state:

> D. SUBROGATION
>
> The Insured is required to cooperate in any subrogation proceedings. The Company may require from the Insured an assignment or other transfer of all rights of recovery against any party for loss to the extent of the Company's payment.
>
> The Company will not acquire any rights of recovery that the Insured has expressly waived prior to a loss, nor will such waiver affect the Insured's rights under this Policy.
>
> Any recovery from subrogation proceedings, less costs incurred by the Company in such proceedings, will be payable to the Insured in the proportion that the amount of:
>
> 1) any applicable deductible; and/or
>
> 2) any provable uninsured loss,
>
> bears to the entire provable loss amount.

(*See* **Exhibit A – Tokio Marine Policy – Tokio Marine Claim File00684 – 00685; Exhibit B – Mitsui Policy – MSIC Policy0061 – 0062**)

**RESPONSE:**

17. Plaintiff Liberty Mutual has an anti-subrogation provision in its insurance policy with Haldex that states:

> X. Subrogation
> 1. If we make payment for a loss, you will assign to us all your rights of recovery against any party for that loss. We will not

> acquire any rights of recovery you have waived prior to the loss. You agree to cooperate and not to waive, prejudice, settle or compromise any claim against any party after the loss has occurred.
>
> 2. You will be paid any recovery, in the proportion that your deductible and any provable uninsured loss bears to the total loss less your proportion of fees and expenses.

(*See* **Exhibit C – Liberty Mutual Policy – Liberty Claim File00073**)

**RESPONSE:**

18. Plaintiffs received an assignment of claims from Toyota and Haldex.

(*See* **Exhibit G – Toyota Assignment; and Exhibit H – Haldex Assignment**)

## I. INTRODUCTION

Plaintiffs' insureds have lease agreements with their landlord that contain anti-subrogation provisions. Simply put, Defendant is a contractor of the landlord and "contractors" are expressly included in the definition of "Agents" within the lease agreements and to whom the anti-subrogation provisions are applicable. Thus, Plaintiffs' insureds waived their rights to recover from Defendant by virtue of their agreement with the landlord to mutually waive recovery rights from the other's contractors vis-à-vis the anti-subrogation provisions. Plaintiffs were assigned their insureds' claims. Therefore, now standing in the shoes of their insureds, Plaintiffs are precluded from pursuing the instant action against this Defendant accordingly. Plaintiffs have no greater rights than those of their insureds regardless of whether Plaintiffs are subrogees or assignees. Thus, Plaintiffs cannot recover from Defendant as their claims are barred by the anti-subrogation lease provisions.

## III. ARGUMENT & AUTHORITIES

**B.     By entering into assignments with their insureds, Plaintiffs stepped into the shoes of their insureds and acquired no greater rights than**

### those held by their insureds, and therefore, Plaintiffs' claims are barred by anti-subrogation provisions.

As a general rule in Missouri, any insurance company that, pursuant to a legal obligation, has paid for a loss resulting from the wrong of another will be subrogated to the rights of the injured person against the wrongdoer. *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. Ct. App. 1971). A right of subrogation to an insured's claim is an equitable right where the insured retains the legal right to the claim regardless of whether the insurance company pays all or only a portion of the damages. *Holt v. Myers*, 494 S.W.2d 430, 437 (Mo. Ct. App. 1973). Thus, a subrogation action is brought against a third party by or in the name of the insured. *Klein v. Gen. Elec. Co.*, 714 S.W.2d 896, 902 (Mo. Ct. App. 1986).

In contrast, when an assignment occurs, the insured assigns the entirety of its claim against a third party to its insurance carrier. *Kroeker*, 466 S.W.2d at 109. When an assignment occurs, "the only rights or interests an assignee acquires are those the assignor had at the time the assignment was made. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 128 (2010) (citing *Barker v. Danner*, 903 S.W.2d 950, 955 (Mo.App.1995)). Thus, "an assignee steps into the shoes of its assignor; it acquires no greater rights than those held by the assignor at the time of the assignment." *Adams v. Cossa*, 294 S.W.3d 101, 105 (Mo.App. 2009).

Plaintiffs are the assignees of their insureds' claims.[1] (*See* **DEF. SUMF ¶ 18**). As the assignees of the claims, Plaintiffs step into the shoes of their respective assignors. Thus, Plaintiffs have no greater rights than those held by their insureds at the time of the assignments. Further, Plaintiffs' insurance policies each explicitly state that the respective insurer will not acquire rights of recovery that the insured has waived prior to the loss. (*See* **DEF. SUMF ¶¶ 16**

---

[1] Regardless of whether this lawsuit is a subrogation matter or involves an assignment of claims, the result will be the same. That is to say, Plaintiffs will have no greater rights than those of their insureds, and if the insureds waived rights of recovery against Defendant prior to the loss, Plaintiffs' claims are barred.

**and 17**). Thus, Plaintiffs did not acquire any rights of recovery that that their insureds waived before the loss.

As discuss below, Plaintiffs' assignors' rights of recovery against Defendant are barred to the extent of their insurance coverage by anti-subrogation provisions. The assignments cannot resurrect Plaintiffs rights to recover from Defendant as that would enable Plaintiffs to enjoy greater rights than those held by their insureds. Instead, Plaintiffs are in the same position as their insureds at the time of the assignments. Plaintiffs' insurance policies further confirm that Plaintiffs' claims are barred when their insureds waived rights of recovery before the loss. Thus, the waiver of recovery rights in the anti-subrogation provisions by Plaintiffs' insureds bars Plaintiffs' claims against Defendant.

    **B.    Because Plaintiffs' respective insureds waived rights of recovery against their landlord's contractors to the extent of their insurance coverage, Plaintiffs claims are barred by anti-subrogation provisions.**

Colfin Cobalt I-II Owner, LLC is the successor-in-interest to Cobalt Industrial REIT. **DEF. SUMF ¶ 4**. Colfin Cobalt I-II Owner, LLC became bound by the lease agreements pursuant to the lease provision stating in part:

"Parties Bound":

> Except as otherwise expressly provided for in this Lease, this Lease shall be binding upon, and inure to the benefit of, the successors and assignees of the parties hereto [...]

**DEF. SUMF ¶ 5**. Thus, Colfin Cobalt I-II Owner, LLC was the property owner, landlord, and party to Plaintiffs' insureds' lease agreements as the successor-in-interest to Cobalt Industrial REIT. **DEF. SUMF ¶ 6 and 7**. As the Haldex lease shows, Colfin Cobalt I-II Owner, LLC became the property owner, landlord, and party to the lease agreements by March 21, 2016 at the latest. **DEF. SUMF ¶ 6 and 7**.

Plaintiffs' insureds' lease agreements had an anti-subrogation provision in which Plaintiffs' insureds waived rights of recovery against their landlord and/or against the "Agents" of their landlord. The relevant provision states:

> 11.5 **Waiver of Subrogation**. Landlord and Tenant each waive and shall cause their respective insurance carriers to *waive any and all rights to recover against the other or against the Agents of such other party* for any loss or damage to such waiving party (including deductible amounts) arising from any cause covered by any property insurance required to be carried by such party pursuant to this Article XI or any other property insurance actually carried by such party to the extent of the limits of such policy. Tenant, from time to time, will cause its respective insurers to issue appropriate waiver of subrogation rights endorsements to all property insurance policies carried in connection with the Property or the Premises or the contents of the Property or Premises. Tenant agrees to cause all other occupants of the Premises claiming by, under or through Tenant, to execute and deliver to Landlord and Landlord's management company such a waiver of claims and to obtain such waiver of subrogation rights endorsements.

**DEF. SUMF ¶ 10**. (emphasis added). The term "Agents", as it is used in the lease agreements, expressly includes "contractors." The leases state:

> 1.20 **Agents**. Officers, partners, directors, employees, agents, licensees, **contractors**, customers and invitees; to the extent customers and invitees are under the principal's control or direction.

**DEF. SUMF ¶ 11**. (emphasis added). Defendant is a contractor of the landlord. **DEF. SUMF ¶ 9**. Given that the lease agreements expressly include "contractors" within in the term "Agents," and Defendant is a contractor of the landlord, Plaintiffs' insureds waived their rights to recover against Defendant in the anti-subrogation provisions.

Accordingly, Plaintiffs' insureds waived their rights to recover against Defendant by way of the anti-subrogation provisions in the lease agreements as the term "Agents" in the leases explicitly include "contractors." As the assignees of their insureds' claims, Plaintiffs have no greater rights than those of their insureds at the time of the assignments. As such, Plaintiffs have no right to recover against Defendant in this action and Defendant is entitled to judgment as a

matter of law as Plaintiffs' claims are barred by the lease provisions in which Plaintiffs' insureds waived such rights.

### III. CONCLUSION

Plaintiffs stepped into the shoes of their respective insureds when their insureds assigned their claims to Plaintiffs. Plaintiffs have no greater rights than those of their insureds at the time of the assignments. Plaintiffs' insureds waived their rights to recover against their landlord and their landlord's contractors (among other identifiable groups included in the specifically defined term "Agents") in the anti-subrogation provisions in the lease agreements. Plaintiffs are now attempting to improperly assert greater rights than those held by their respective insureds when the claims were assigned. Given that Plaintiffs stepped into the shoes of their insureds who waived rights to recover against Defendant in the anti-subrogation provisions, Plaintiffs are also deemed to have waived those rights. Plaintiffs' insurance policies further confirm the fact that Plaintiffs were not assigned greater rights than those held by their insureds by the insurance policy terms stating that the insurance company will not acquire rights of recovery waived prior to the loss. Accordingly, Defendant is entitled to judgment as a matter of law as Plaintiffs' claims are barred by the anti-subrogation provisions in which Plaintiffs' insureds waived the right to recover from Defendant.

WHEREFORE, Defendant Schefers Roofing Co. respectfully moves the Court to enter summary judgment in its favor and against Plaintiffs, dismissing Plaintiffs' Complaint as to all counts against Schefers Roofing Co., at Plaintiffs' cost, and to grant Schefers Roofing Co. such other and further relief as the Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

*/s/ David R. Buchanan*

David R. Buchanan                     #29228
Jared M. Becker                        #68994
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Phone: (816) 472-0800
Fax: (816) 421-1183
E-mail: dbuchanan@bjpc.com
E-mail: jbecker@bjpc.com
**ATTORNEYS FOR DEFENDANT
SCHEFERS ROOFING COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this **23rd** day of **September**, 2019 I electronically filed the above and foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David R. Buchanan*

JMB: 21512059.1